**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLINT FISHER, | No. 20-35310 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01639-JR<br>District of Oregon<br>Portland |
| v. | |
| MARIA SECCHITANO; LEE EGLAND;<br>BRIAN DODGE; DONOVAN DUNCAN;<br>PETER HART; GAIL MCCORMICK;<br>JOHN SKOW; ADAM SMITH; MATT<br>HAINLEY; PATRICK MURPHY; ALICE<br>NG; MIKE O'CONNOR; ROBERT<br>RELLER; ROBERT ESTRADA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Hon. Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 8, 2020
Seattle, Washington

Before: BERZON, MILLER, and BRESS, Circuit Judges.

Clint Fisher appeals the district court's judgment granting Defendants'

("Trustees") motion to dismiss his Second Amended Complaint for failure to state

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

a claim and also granting the Trustees' related motion for judicial notice. We granted Fisher's motion to supplement the record on appeal to address standing issues first raised before this Court, construing Fisher's motion as a motion to amend the Second Amended Complaint to correct "[d]efective allegations of jurisdiction." 28 U.S.C. § 1653. We now affirm the judgment of the district court.

Fisher lacks Article III standing to maintain this suit. While the appeal was pending, the Supreme Court held in *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), that retired participants in a single-employer defined-benefit plan lacked Article III standing to bring a breach of fiduciary duty claim because any breach of fiduciary duty by the plan trustees would not have any impact on their future benefit payments. *Id.* at 1619. The circumstances here are somewhat different from those in *Thole*, as Fisher has not yet retired, he is still eligible to accrue additional future benefits, and the pension plan in question is a multiemployer plan with multiple employers responsible for paying into a trust fund from which vested benefits will be paid, not a single-employer plan backed by one employer's assets. But we need not decide whether Fisher, like Thole, has failed to plead an injury in fact. Assuming he has adequately alleged an injury for Article III standing purposes, he has not shown that any injury he has suffered is "likely" to be "redressed by a favorable decision," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and so lacks Article III standing for that reason.

Fisher's asserted injury—a reduction in his future benefits—will not be redressed by a favorable decision by this Court. The distinctive fiduciary duty claim he has pleaded forecloses such redress. Fisher's entire complaint rests on the allegation that the Trustees have a duty to abide by a "unique" rule in the Plan documents that prohibits the Plan from incurring unfunded vested benefits ("UVB"). Upon notice that UVB has been incurred, the second part of the same rule provides that the Trustees "shall . . . meet and take such action as may be required to modify Plan benefits . . . to eliminate and avoid incurring . . . [UVB]." In his Second Amended Complaint, Fisher describes the asserted fiduciary duty to act in accordance with Plan documents as a strict requirement: "This requirement means . . . the trustees of the . . . Plan are prohibited from managing and administering the plan, and disposing of assets, in ways that permit the plan to incur *any* UVB."

In his Prayer for Relief, Fisher seeks restoration to the Plan of all losses resulting from breaches of fiduciary duties, including payments of $73 million to the Plan to eliminate UVB and a return of lost investment income, as well as an injunction against incurring UVB in the future. In his Reply Brief, Fisher asserts that "if the Plan Funding is increased because of this lawsuit, Mr. Fisher's monthly retirement benefits will be restored." The benefits he seeks to have restored are future benefits that he alleges were cut in 2011 and 2018 to address funding

3

deficiencies in the Plan. But if Fisher's Prayer for Relief were granted and the $73 million in UVB paid to the Plan, the Trustees could not restore participants' future retirement benefits to a higher periodic amount without incurring additional UVB. In other words, under Fisher's theory of liability, the $73 million is needed to ensure that present funding covers all benefits that participants have already accrued. But Fisher's theory of standing requires the Trustees to restore potential future benefits that were cut before they had accrued. If the amount of benefits promised by the Plan is increased, present funding will no longer be sufficient to cover accrued benefits—*i.e.*, the Plan will incur UVB—thus violating the same Plan provision upon which Fisher relies. Fisher's own theory of liability thus prevents the relief he seeks.

To the extent Fisher seeks additional relief, such as "lost or foregone investment income," he has pleaded no facts that would support an inference that the Trustees would exercise their discretion to restore lost benefits if that allegedly lost income were returned to the Plan. "There is no redressability, and thus no standing, where . . . any prospective benefits depend on an independent actor who retains broad and legitimate discretion the courts cannot presume either to control or to predict." *Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006) (cleaned up).

**AFFIRMED.**

4